TIMOTHY F. HUNTER, ESQ.
Nevada Bar No. 010622
M. KEITH MOSKOWITZ, ESQ.
(*Pro Hac Vice*)
JULIA M. BECKLEY, ESQ.
(*Pro Hac Vice*)
RAY LEGO & ASSOCIATES
7450 Arroyo Crossing Parkway, Suite 250
Las Vegas, NV  89113
Tel:     (702) 479-4350
Fax:     (702) 270-4602
tfhunter@travelers.com

Attorney for Defendant,
**THE TRAVELERS
INDEMNITY COMPANY**

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CARSON CITY, a consolidated municipality and political subdivision of the State of Nevada,<br><br>Plaintiff,<br><br>vs.<br><br>THE TRAVELERS INDEMNITY COMPANY, a Connecticut Corporation, ROE COMPANIES I-X, and DOE INDIVIDUALS I-X,<br><br>Defendants. | CASE NO.: 3:22-cv-00006 LRH-CLB<br><br>**STIPULATION AND PROTECTIVE ORDER –CONFIDENTIAL DESIGNATION ONLY** |

**IT IS HEREBY STIPULATED** by and between Plaintiff CARSON CITY, a consolidated municipality and political subdivision of the State of Nevada ("Plaintiff" or "Carson City") and defendant THE TRAVELERS INDEMNITY COMPANY, a Connecticut Corporation ("Defendant" or "Travelers") (collectively, the "Parties") through their respective undersigned counsel, that the following terms and conditions of the Stipulated Confidentiality and Protective Order (the "Order") shall govern the handling of documents, things, depositions and deposition exhibits, written discovery responses, testimony, portion(s) of any of these things, and any other information produced, given, or exchanged between any party to this case and any other party or non-parties in the above-referenced action (collectively, the "Material").

**Definitions**

In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

"Proceeding" means the above-entitled proceeding Case No. 3:22-cv-00006 LRH-CLB.

"Court" means the United States District Judge Larry R. Hicks, the United States Magistrate Judge Carla Baldwin, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

"Confidential" means any Material: (a) containing or reflecting trade secrets or proprietary, commercial, financial, technical, competitively sensitive, or other business information or data; (b) containing personal/private information; (c) containing information received in confidence; or (d) which the Designating Party otherwise believes in good faith to be entitled to protection t under applicable law.

"Confidential Materials" means any written discovery responses, Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

"Designating Party" means the Party that designates Materials as "Confidential."

"Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

"Documents" means (i) any "Writings," and "Recordings" as those terms are defined by Nevada Revised Statutes 52.225, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

"Information" means the content of Documents or Testimony.

"Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

/ / /

2

**Confidential Materials**

The Designating Party shall have the right to designate as "Confidential" any written discovery responses, Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

a.     Without limiting the forgoing and by way of example only, Confidential Materials shall include but is not limited to: confidential insurance policy, underwriting and claims information, including but not limited to confidential information on pricing and policy formulation, premium calculations, and claim manuals; business and accounting records relating to profit and loss statements, including but not limited to payroll, tax, revenue, income, equipment, transaction, and other financial data; and confidential information contained in personnel files, including information regarding salary and compensation; financial information, trade secrets, and private or personal information of any party's or third-party's customers; and information that otherwise meets the standards for protection set forth in the Nevada Rules of Civil Procedure.

b.     The protections conferred by this Stipulation and Protective Order cover not only Confidential Materials (as defined above), but also (i) any information copied or extracted from Confidential Materials; (ii) all copies, excerpts, summaries, or compilations of Confidential Materials; and (iii) any testimony, conversations, or presentations by Parties or their counsel that might reveal Confidential Materials.

The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The parties may agree that the case name and number are to be part of the

"Confidential" designation. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

      a.     For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

      b.     For Testimony given in depositions the Designating Party may either:

      i.     identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

      ii.     designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a

"Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the

Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

a.     The Court;

b.     (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party. (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

c.     those officers, directors, partners, members, employees and agents of all nondesignating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of

1  such Order, and shall secure the signature of such person on a statement in the form attached

2  hereto as Exhibit A;

3          d.    court reporters in this Proceeding (whether at depositions, hearings, or

4  any other proceeding);

5          e.    any deposition, trial or hearing witness in the Proceeding who

6  previously has had access to the Confidential Materials, or who is currently or was previously

7  an officer, director, partner, member, employee or agent of an entity that has had access to the

8  Confidential Materials;

9          f.    any deposition or non-trial hearing witness in the Proceeding who

10  previously did not have access to the Confidential Materials; provided, however, that each

11  such witness given access to Confidential Materials shall be advised that such Materials are

12  being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective

13  Order and that they may not be Disclosed other than pursuant to its terms;

14          g.    mock jury participants, provided, however, that prior to the Disclosure

15  of Confidential Materials to any such mock jury participant, counsel for the Party making the

16  Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall

17  explain that such person is bound to follow the terms of such Order, and shall secure the

18  signature of such person on a statement in the form attached hereto as Exhibit A.

19          h.    any other person that the Designating Party agrees to in writing; and

20          i.    outside experts or expert consultants consulted by the undersigned

21  Parties or their counsel in connection with the Proceeding, whether or not retained to testify at

22  any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to

23  any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver

24  a copy of this Stipulation and Protective Order to such person, shall explain its terms to such

25  person, and shall secure the signature of such person on a statement in the form attached

26  hereto as Exhibit A.  It shall be the obligation of counsel, upon learning of any breach or

27  threatened breach of this Stipulation and Protective Order by any such expert or expert

28

consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

                        i.      Notwithstanding subparagraph h. above, Confidential Materials may be provided to persons listed therein only to the extent that such expert or consultant (i) is not currently an employee of, or advising or discussing employment with, or consultant to, any competitor of the Designating Party, as far as the expert or consultant can reasonably determine, and (ii) is using said Confidential Materials solely in connection with this Proceeding. Under no circumstances shall an expert or consultant who is a competitor or an employee of a competitor of the Designating Party, or who is providing services to any of the foregoing, be provided access to Confidential Materials absent further order of the Court or consent of the Designating Party. "Competitors" are persons or entities endeavoring to engage in the same or similar lines of business, provide the same or similar services, sell the same or similar products, and/or operate in the same markets, as well as any persons who are actually engaged in any of these activities. Counsel for a receiving Party showing, providing, or disclosing Confidential Materials to persons listed in subparagraph h. shall be responsible for obtaining the signed Exhibit A from such person and retaining the original, executed copy thereof.

            j.      to the extent contractually obligated, any insurer or reinsurer, and the parties' outside or in-house auditors as necessary in fulfilling their responsibilities in respect to this matter; and

            k.      regulatory authorities if required by such regulatory body.

Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the

1  Proceeding, to modify or grant relief from any provision of this Stipulation and Protective
2  Order.

3       Entering into, agreeing to, and/or complying with the terms of this Stipulation and
4  Protective Order shall not:

5       a.   operate as an admission by any person that any particular Document,
6  Testimony or Information marked "Confidential" contains or reflects trade secrets,
7  proprietary, confidential or competitively sensitive business, commercial, financial or
8  personal information; or

9       b.   prejudice in any way the right of any Party (or any other person subject
10  to the terms of this Stipulation and Protective Order):

11       i.   to seek a determination by the Court of whether any particular
12       Confidential Material should be subject to protection as "Confidential" under
13       the terms of this Stipulation and Protective Order; or

14       ii.   to seek relief from the Court on appropriate notice to all other
15       Parties to the Proceeding from any provision(s) of this Stipulation and
16       Protective Order, either generally or as to any particular Document, Material or
17       Information.

18       c.   apply to a Designating Party's use or disclosure of its own Confidential
19  Materials for any purpose. Nothing herein shall (i.) prevent a Designating Party from using or
20  disclosing its own Confidential Materials in any manner; or (ii) impose any restrictions on the
21  use or disclosure by a person of documents, material, or information designated as
22  Confidential Materials obtained lawfully by such person independently of the discovery
23  process in this Proceeding, and not otherwise subject to confidentiality restrictions.

24       Any Party to the Proceeding who has not executed this Stipulation and Protective
25  Order as of the time it is presented to the Court for signature may thereafter become a Party to
26  this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and
27  filing the same with the Court, and serving copies of such signed and dated copy upon the
28  other Parties to this Stipulation and Protective Order.

Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto.  Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena.  Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law.  The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by

this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party.  If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

Where any Confidential Materials, or Information derived from Confidential Materials, is included in any motion or other proceeding, the same shall be separately filed under seal with the clerk of the Court in an envelope marked: "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order.  ~~To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.~~

Upon final settlement or other conclusion of this litigation, including any appeal, every party subject to this Order must either return all original Confidential Materials to the originating source, destroy such Confidential Materials, or maintain and keep all Confidential

1    Materials confidential in accordance with this Order. All materials returned to the Parties or

2    their counsel by the Court likewise shall be handled in accordance with this Paragraph.

3          After this Stipulation and Protective Order has been signed by counsel for all Parties, it

4    shall be presented to the Court for entry.  Counsel agree to be bound by the terms set forth

5    herein with regard to any Confidential Materials that have been produced before the Court

6    signs this Stipulation and Protective Order. In the event additional Parties join or are joined in

7    this Proceeding, they shall not have access to Confidential Materials until the newly joined

8    Party by its counsel has executed and filed with the Court its agreement to be fully bound by

9    this Stipulation and Protective Order.

10         The Parties and all signatories to the Certification attached hereto as Exhibit A agree

11   to be bound by this Stipulation and Protective Order pending its approval and entry by the

12   Court.  In the event that the Court modifies this Stipulation and Protective Order, or in the

13   event that the Court enters a different Protective Order, the Parties agree to be bound by this

14   Stipulation and Protective Order until such time as the Court may enter such a different Order.

15   It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order

16   pending its entry so as to allow for immediate production of Confidential Materials under the

17   terms herein.

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1        This Stipulation and Protective Order may be executed in counterparts.

2        **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

3                                  RAY LEGO & ASSOCIATES

4

5   Dated: February 18, 2022             */s/ Julia M. Beckley*
                                    TIMOTHY F. HUNTER, ESQ.

6                                  Nevada Bar No. 010622
                                  M. KEITH MOSKOWITZ, ESQ.

7                                  (*Pro Hac Vice* Pending)
                                  JULIA M. BECKLEY, ESQ.

8                                  (*Pro Hac Vice*)
                                  RAY LEGO & ASSOCIATES

9                                  7450 Arroyo Crossing Parkway, Suite 250
                                  Las Vegas, NV  89113

10                                  Tel:   (702) 479-4350
                                  Fax:   (702) 270-4602

11                                  tfhunter@travelers.com

12                                  Attorney for Defendant,
                                  **THE TRAVELERS**

13                                  **INDEMNITY COMPANY**

14

15  Any motion regarding the filing of
confidential information and motion to seal

16  shall comply with LR IA 10-5 and the
requirements of *Kamakana v. City and*

17  *County of Honolulu*, 447 F.3d 1172 (9th Cir.    */s/ Dane A. Littlefield*
2006). *See also, Center for Auto Safety*        Douglas R. Brown, Esq., NSB #7620

18  *v. Chrysler Group, LLC*, 809 F.3d 1092,     Dane A. Littlefield, Esq., NSB #14080
1097 (9th Cir. 2016).                     LEMONS, GRUNDY & EISENBERG

19                                 6005 Plumas Street, Third Floor
The Court's jurisdiction over this protective  Reno, NV 89519

20  order shall cease upon termination of this     drb@lge.net
case.                                dal@lge.net

21                                  P: 775/786-6868
IT IS SO ORDERED.                 F: 775/786-9716

22                                  **Attorneys for Plaintiff, CARSON CITY**
Dated:  February 22, 2022

23

24
_____

25  UNITED STATES MAGISTRATE JUDGE

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to NRCP 5(b), I hereby certify that I am an employee of DENTONS US LLP and that on the 18th day of February, 2022 I caused the foregoing Stipulation and Protective Order to be served as follows:

<u>XX</u> pursuant to N.E.F.C.R. 9 by serving it via electronic service.

\_\_\_\_ by placing a true and correct copy in the United States mail, at Las Vegas, Nevada, first class, postage fully prepaid.

\_\_\_\_ transmitting a true and correct copy thereof via facsimile to the numbers listed on the attached service list.

\_\_\_\_ by hand delivery of a true and correct copy thereof to the above on this date.

\_\_\_\_ by Transmission of a true and correct copy thereof via e-mail to the IPO addresses shown on the attached service list.

Douglas R. Brown, Esq., NSB #7620
Dane A. Littlefield, Esq., NSB #14080
LEMONS, GRUNDY & EISENBERG
6005 Plumas Street, Third Floor
Reno, NV 89519
drb@lge.net
dal@lge.net
P: 775/786-6868
F: 775/786-9716
Attorneys for Plaintiff, **CARSON CITY**

Julia M. Beckley, Esq.
DENTONS US LLP
2000 McKinney Avenue, Suite 1900
Dallas, TX 75201
P: 214/259-1854
Julia.beckley@dentons.com
Co-Counsel for Defendant, **TRAVELERS INDEMNITY COMPANY**

M. Keith Moskowitz, Esq., Illinois 6274101
DENTONS US LLP
233 S. Wacker Drive, #5900
Chicago, IL 60606-6361
P: 312/876-8000
Keith.moskowitz@dentons.com
Co-Counsel for Defendant, **TRAVELERS INDEMNITY COMPANY**

_____
/s/ Anne Castle
An employee of DENTONS US LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CARSON CITY, a consolidated municipality and political subdivision of the State of Nevada,<br><br>Plaintiff,<br><br>vs.<br><br>THE TRAVELERS INDEMNITY COMPANY, a Connecticut Corporation, ROE COMPANIES I-X, and DOE INDIVIDUALS I-X,<br><br>Defendants. | CASE NO.: 3:22-cv-00006 LRH-CLB<br><br>**EXHIBIT A TO STIPULATION AND PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION ONLY** |

**CONFIDENTIALITY AGREEMENT**

I, the undersigned, hereby affirm that:

I have read and understood the terms of this Confidentiality Agreement and the Stipulation and Protective Order – Confidential Designation Only entered and effective in the above-captioned action (the "Action"). I agree that any Information designated as "Confidential Materials," as defined in the Stipulation and Protective Order – Confidential Designation Only (the "Order"), is being provided to me pursuant to the terms and restrictions of the Order.

I have been given a copy of and have read the Order. I am familiar with the terms of the Order, and I agree to comply with and to be bound by its terms. I agree not to use any Confidential Materials disclosed to me pursuant to the Order except for purposes of performing any actions for which I am involved or engaged by a Party with respect to the Action. I further agree not to use, copy, divulge, or otherwise disclose any of this Information to persons other than those specifically authorized by the Order, without the express written consent of the Party who designated the Information as Confidential Materials or by an entered and executed order of the presiding judge of which I have received a copy.

I submit to the jurisdiction of this Court for enforcement of the Order for resolution of any issues and/or disputes concerning this Confidentiality Agreement and/or the Order. I also agree to notify any authorized person who assists me with my obligations in relation to this Action, of the terms of the Order, this Confidentiality Agreement, and their binding effect on them and me.

I understand that I am to retain all Information designated as or containing Confidential Materials in a secure manner. I also understand that upon final settlement or other conclusion of the Action, including any appeal, I must either return all original Confidential Materials to the originating source, destroy such Confidential Materials, or maintain and keep all Confidential Materials confidential in accordance with this Order.

_____
Signed

_____
Printed Name

_____
Date