UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARSON CITY, a consolidated municipality and political subdivision of the State of Nevada,<br><br>Plaintiff,<br><br>v.<br><br>THE TRAVELERS INDEMNITY COMPANY, a Connecticut Corporation; ROE COMPANIES I – X; and DOE INDIVIDUALS I – X,<br><br>Defendants. | Case No. 3:22-cv-00006-LRH-CLB<br><br>ORDER |

Before the Court is Plaintiff Carson City ("Carson City") and Defendant The Travelers Indemnity Company's ("Travelers") joint motion to vacate (1) the Court's order on summary judgment and (2) final judgment (the "Joint Motion"). ECF No. 41. The Joint Motion was filed as a result of the parties' participation in the Ninth Circuit Mediation Program where they came to a tentative settlement conditioned on vacatur of the Court's rulings. *Id*. at 5. For the reasons articulated below, the Court grants the Joint Motion.

This matter involves a contractual dispute concerning the monetary coverage limits of a Travelers liability insurance policy (the "Policy") which Carson City purchased and was insured under from July 1, 2015, through July 1, 2017. *See* ECF Nos. 28-2, 28-3, 28-4. At issue here are the applicable monetary limits of two coverage-types under the Policy and whether those limits can "stack" upon each other to increase Carson City's total coverage. The first disputed coverage-

1

type is "Coverage A" of the Commercial General Liability Coverage Form (the "CGL") which provides that Travelers "will pay those sums that [Carson City] becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' … caused by an 'occurrence[.]'" ECF No. 28-2 at 51, 62, 64. Coverage A is subject to a $1,000,000 per "occurrence" limit and a general aggregate limit of $2,000,000. *Id*. at 40. The second disputed coverage-type is a Limited Abuse or Molestation Liability Coverage endorsement (the "LAM") that amends and modifies the CGL. *Id*. at 71. The LAM excludes "'[b]odily injury' arising out of any act of 'abuse or molestation'" from the CGL's Coverage A and adds additional coverage to the Policy by providing insurance for "bodily injury" caused by an "abuse or molestation offense" during the policy period, subject to certain exclusions and limitations, including an Each Abuse or Molestation Offense Limit of $1,000,000 per "offense" with a $2,000,000 aggregate limit. *Id*. at 71.

In 2018, four minors filed two separate lawsuits against Carson City alleging that they were molested by a fifteen-year-old volunteer camp counselor at Camp Carson in the summer of 2016. ECF No. 1-2 at 20, 22. Soon after, Carson City also received a demand letter from a fifth minor who alleged similar abuse. *Id*. at 22. Carson City settled the lawsuits and demand letter for a total of $1,630,000. *Id*. at 24–28. Travelers paid $1,000,000 toward the settlements, the amount it contends is available to Carson City under the Policy. *Id*. at 24. Carson City contends that the Policy requires at least $2,000,000 in coverage because of the limits applicable to Coverage A and the LAM. *Id*.

On November 17, 2021, Carson City filed a Complaint against Travelers in the First Judicial District Court for the State of Nevada in and for Carson City for breach of contract and breach of the implied covenant of good faith and fair dealing. *See generally* ECF No. 1-2. Specifically, Carson City alleges that Travelers breached the Policy when it failed to provide $2,000,000 in coverage to settle the pertinent abuse claims and demand letter. ECF No. 1-2 at 32. On January 1, 2022, Travelers removed the matter based on diversity of citizenship under 28 U.S.C. §§ 1332, 1441, and 1446. ECF No. 1 at 1. At the close of discovery, Carson City and Travelers filed cross motions for summary judgment. ECF Nos. 28, 29. The Court granted Carson City's motion as to breach of contract, denied Carson City's motion as to breach of the implied

2

covenant of good faith and fair dealing, and denied Travelers' motion in its entirety. ECF No. 34 at 12. In its order, the Court found that the Policy was ambiguous with respect to whether Coverage A and the LAM coverage could "stack," meaning each coverage-type's $1,000,000 limit could be combined for total coverage of $2,000,000. ECF No. 34 at 11. Because the Court found ambiguity, it interpreted the Policy in favor of Carson City as the insured. *Id*. Final judgment was entered accordingly on April 19, 2023 (ECF No. 35) and Travelers appealed (ECF No. 37). Before briefing the matter on appeal, the parties went through the Ninth Circuit Mediation Program where they agreed to settle the case on the condition that the Court vacate its summary judgment order and final judgment. ECF No. 41 at 5. On January 5, 2024, the parties filed the Joint Motion which reflects their vacatur-conditioned settlement. *See generally* ECF No. 41.

Under Federal Rule of Civil Procedure 60(b), a district court on motion may relieve a party or its legal representative from a final judgment or order if the judgment has been satisfied or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5), (6). In the Ninth Circuit, Fed. R. Civ. P 60 "provides the basis for a district courts' vacation of judgments when the equities so demand[.]" *Am. Games, Inc. v. Trade Prod., Inc*., 142 F.3d 1164, 1168 (9th Cir. 1998). Under this rule, a district court may vacate a judgment as a condition of settlement. *Id*. at 1168–170. However, vacatur is not automatic just because a settlement agreement provides for it. *U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 29 (1994).

When faced with vacatur as a condition to settlement on remand, a district court must "decide whether to vacate its judgment in light of 'the consequences and attendant hardships of dismissal or refusal to dismiss' and 'the competing values of finality of judgment and right to relitigation of unreviewed disputes.'" *Dilley v. Gunn*, 64 F.3d 1365, 1371 (9th Cir. 1995) (citing and quoting *Ringsby Truck Lines, Inc. v. W. Conf. of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982)). Put alternatively, "the district court should balance the competing interests of the parties in order to determine whether the judgment … should be vacated." *Allard v. De Lorean*, 884 F.2d 464, 467 (9th Cir. 1989). Ultimately, the district court has "equitable discretion when revieing its own judgments," and must "weigh the equities and determine whether it should vacate its own judgment." *Am. Games*, 142 F.3d at 1170. The Ninth Circuit has stated that "Rule 60(b)(6) should

3

be liberally applied … to accomplish justice[.]" *In Re International Fibercom, Inc.*, 503 F.3d 933, 940 (9th Cir. 2007) (citations and quotations omitted).

After performing a fact-intensive analysis and weighing the equities, the Court finds that vacatur is appropriate here. First, adverse consequences and attendant hardships are not likely to result from vacating the Court's summary judgment order and final judgment. When determining consequences and hardships in this context, district courts in the Ninth Circuit often consider the monetary costs and the expenditure of time parties will bear in association with continued litigation as well as the conservation of judicial resources. *See e.g.*, *Hebrew Univ. of Jerusalem v. Gen. Motors LLC*, Case No. CV-10-3790-AB (JCX), 2015 WL 9653154, at *2 (C.D. Cal. Jan. 12, 2015). Were the Court to refuse vacatur here, it would burden the parties financially with unknown appeal costs and require the parties to commit more time litigating a matter that stems from prior litigation that first appeared before the Court nearly six years ago.[1] On the other hand, granting vacatur would alleviate any judicially incurred financial and time-related hardships while simultaneously conserving judicial resources. Conservation of judicial resources is a valuable consideration in balancing the equities because it advances the Ninth Circuit's position that settlement agreements are "judicially favored" as a matter of public policy as they "conserve judicial time[.]" *Speed Shore Corp. v. Denda*, 605 F.2d 469, 473 (9th Cir. 1979). Second, the Court does not foresee, and the parties do not offer, any concerns as to the competing values of finality of judgment and right to relitigation of unreviewed disputes. The parties represent to the Court that their conditional settlement will resolve all legal disputes between them and address the abuse claims and demand letter. ECF No. 41 at 10. Such representation leaves little room for concern that Travelers or Carson City is attempting to avoid an adverse decision in final judgment. Moreover, the parties have stated that their settlement is the product of good faith under the Ninth Circuit Mediation Program. *Id*.

---

[1] The underlying abuse and molestation suits filed against Carson City by the four minors first appeared in front of the Court in 2018. *See Doe v. Carson City*, Case No. 3-18-CV-00428-LRH-WGC, 2019 WL 1292682, at *1 (D. Nev. Mar. 20, 2019) (determining that good cause appeared to reassign Case No. 3:18-cv-00538-HDM-WGC to United States District Judge Larry R. Hicks pursuant to Local Rule 42-1 because it was related to Case No. 3:18-cv-00428-LRH-WGC, promoted judicial efficiency, and did not prejudice the parties).

Finally, Travelers and Carson City share a mutual interest in vacatur because it allows them to finalize their settlement agreement without judicial interference.

For these reasons, the Court finds that the present circumstances and balance of equities favor vacating the Court's order on summary judgment (ECF No. 34) and final judgment (ECF No. 35). Vacatur will facilitate an equitable and fair resolution of this matter and satisfy the conditions of the parties' settlement. *See Atain Specialty Ins. Co. v. Reno Cab Co., Inc.*, Case No. 3-15-CV-00406-MMD-CBC, 2019 WL 320825, *at 3, 4 (D. Nev. Jan. 23, 2019) (granting the parties' stipulated motion to vacate the district court's order on cross motions for summary judgment as a condition to successful settlement for similar reasons).

IT IS THEREFORE ORDERED that Carson City and Travelers' joint motion to vacate (1) the Court's order on summary judgment and (2) final judgment (ECF No. 41) is **GRANTED**.

IT IS FURTHER ORDERED that the Court's order on summary judgment entered in favor of Carson City on April 19, 2023 (ECF No. 34) is **VACATED**, as is the subsequent final judgment that was issued the same day (ECF No. 35).

IT IS FURTHER ORDERED that the order regarding bill of costs or costs taxed (ECF No. 39) which was filed after the Court's order on summary judgment and final judgment is **VACATED** and has no preclusive effect.

IT IS FURTHER ORDERED that Travelers and Carson City shall file a stipulation settling and dismissing this matter upon finalization of their settlement agreement within 30 days.

IT IS SO ORDERED.

DATED this 1st day of February, 2024.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE